CHARLES C. CLARK, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 3894.   Promulgated June 14, 1927.

EXCHANGE OF CORPORATE STOCKS.—The partnership of which petitioner was a member in 1914 acquired a corporate stock of the par value of $5,000. Later, as a result of the reorganization of the corporation, it exchanged this stock for the stock of a successor corporation of a par value of $3,378. *Held,* that no deductible loss was sustained by the partners as a result of these transactions.

*Charles C. Clark, Esq.,* pro se.
*John W. Fisher, Esq.,* for the respondent.

The deficiency letter dated March 3, 1925, asserts deficiencies in the amounts of $674.28 for the year 1919; $130.10 for the year 1921, and an overassessment in the amount of $29.87 for the year 1920. Only the year 1919 is involved in this proceeding.

The petitioner alleged that the Commissioner erred in disallowing the deduction of a loss alleged to have been sustained in the year 1919.

FINDINGS OF FACT.

The petitioner, an individual, is engaged in the practice of law with the firm of Seerley & Clark, in Burlington, Iowa.

In or about 1911, there was organized an Oregon corporation known as the Dufur Orchard Co., for the purpose of planting and developing orchards. The controlling interests of that corporation planned to organize a new corporation under the name of the Northwestern Investment & Mortgage Co. for the purpose of holding the stock of the Dufur Orchard Co., and of operating a general store and a bank at Dufur, Oreg., where the orchards were located.

The law firm of Seerley & Clark was employed by several of its clients, who held stock in the Dufur Orchard Co. and who were solicited to invest in the proposed new company, to go to Oregon early in 1913 and investigate and report as to the advisability of forming the new corporation. For the services performed a fee of $5,000 was charged and Seerley & Clark agreed to receive payment in stock of the new company, if organized.

In August, 1913, the Northwestern Investment & Mortgage Co. was incorporated with an authorized capital stock of $500,000 of which $274,820 was issued, $185,000 for Dufur Orchard Co. stock, and the balance for cash and property.

On January 16, 1914, there was issued to J. J. Seerley and C. C. Clark, Certificate No. 29 of the Northwestern Investment & Mortgage Co. for 50 shares of the capital stock of a par value of $100 per share. The stock was received in full settlement of the $5,000 fee charged for legal services, for both Seerley and Clark were of the opinion that the stock was well worth par. The Dufur Orchard Co. prospered at that time and continued to develop orchards.

In 1915 there was organized the Dufur Orchard Co-owners Co., with only a nominal capital stock, for the purpose of doing the actual work of taking care of the orchards. This corporation operated in conjunction with the Dufur Orchard Co. in the development and sale of 5, 10, 15, and 20-acre tracts of orchard land.

The Northwestern Investment & Mortgage Co. was not able to sell sufficient stock to operate successfully, its debts increased, and in 1919 its stockholders decided to merge all the operations into one corporation. In 1919 the capital stock of the Dufur Orchard Co-owners Co. was increased to $1,000,000, the Northwestern Investment & Mortgage Co. was dissolved, and its stockholders received in exchange stock in the Dufur Orchard Co-owners Co.

On December 1, 1919, there was issued to Seerley and Clark for their 50 shares of stock of the Northwestern Investment & Mortgage Co. of a par value of $5,000, Certificate No. 365 of the Dufur Orchard Co-owners Co. for 337.8 shares of a par value of $3,378. One-half of the reduction of par of the stocks received in the exchange is the amount here in controversy.

TRUSSELL: It does not appear from this record that the corporate stocks involved in this action were listed on any exchange or had any definitely known and readily determinable market value. In the circumstances of this case we may, in valuing these stocks, look to the value of the net assets of the issuing corporations. Apparently the successor corporation issued its stock against the same assets represented by the stock of the predecessor corporation. Whatever investment value was represented by the stock of the Northwestern Investment & Mortgage Co. that same investment value, as represented by corporate assets, continued to be the basis of value of the stock of the Dufur Orchard Co-owners Co., and the stock of the latter company represented the same cost to Seerley and Clark as the cost of the former company. The record contains no reliable data from which we can find any definite loss in the value of the corporate assets represented by these stocks, and we are, therefore, of the opinion that the petitioner can not, in the year 1919, claim a loss resulting from the exchange.

> *The deficiency in tax for the year 1919 is $674.28, and judgment will be entered accordingly.*

TRAMMELL concurs in the result.